UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— X

THE NEW YORK TIMES COMPANY,                    :
and ERIC LIPTON,

                                           :

                Plaintiffs,                 :

                                           :          **COMPLAINT**

       - against -                          :          No. 15 Civ. 8807

U.S. DEPARTMENT OF STATE,                       :

                                           :

                Defendant.                  :

                                           :

——————————————————————————X

Plaintiffs THE NEW YORK TIMES COMPANY and ERIC LIPTON, by their undersigned

attorney, allege for their Complaint:

     1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), to obtain an order for the production of agency records from the U.S. Department of

State ("State") in response to a request properly made by Plaintiffs.

## PARTIES

     2.     Plaintiff The New York Times Company publishes The New York Times

newspaper.  The New York Times Company is headquartered in this judicial district at 620

Eighth Avenue, New York, New York.

     3.     Plaintiff Eric Lipton is a reporter for The New York Times newspaper and

an employee of The New York Times Company.

     4.     Defendant U.S. Department of State is an agency of the federal

government that has possession and control of the records that Plaintiffs seek.

1

59490

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**7.**      Plaintiffs have exhausted all administrative remedies available in regard to the request at issue.  State failed to respond to the request within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.      On June 5, 2014, Mr. Lipton submitted a FOIA request (the "Request") to State.  The Request sought certain electronic correspondence, including attachments, received by or sent by Deputy Assistant Secretary, Defense Trade Controls Kenneth Handelman, Chief of Staff Lisa Aguirre, Deputy Assistant Secretary of State for Political-Military Affairs Gregory Kausner, and Senior Team Leader (NEA/AF Team) Aaron Jost.

9.      Mr. Lipton specified he was seeking correspondence only the following addresses: sbrannen@csis.org, bart.roper@ga.com, gary.hopper@ga.com, mherson@americandefense.net, and dmyers@americandefense.net.

10.      In his Request, Mr. Lipton also stated that he was not asking for correspondence between the named State officials, but instead just correspondence between them and the listed outside parties.  The date range for the Request was July 1, 2013 to the present date.

59490

11.     After hearing nothing from State for more than a year, Mr. Lipton on July 30, 2015 wrote to State's FOIA office inquiring about the status of the Request.

12.     State responded on July 30, 2015 by saying that it estimated a response would be forthcoming in October 2015.

13.     Mr. Lipton then asked later that same day that State add the search term "@csis.org" to his Request, but only if no search had already been undertaken.

14.     State responded later on July 30, 2015 saying that the search had already begun.

15.     On October 28, 2015, Mr. Lipton again inquired about the status of the Request.

16.     On October 29, 2015, State responded by saying that the new estimated completion date was February 2016.

## COUNT

17.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

18.     State is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

19.     State's failure to either provide a response setting forth applicable statutory exemptions or produce responsive documents violates FOIA.

20.     Accordingly, Plaintiffs are entitled to an order compelling State to undertake an adequate search of its records and produce the documents sought by the Request.

3

59490

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

      a.      Declare that the documents sought by the Request, as described in the

foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

      b.      Order State to undertake an adequate search for the requested records and

provide those records to Plaintiffs within 20 business days of the Court's order;

      c.      Award Plaintiffs the costs of this proceeding, including reasonable

attorney's fees, as expressly permitted by FOIA; and

      d.      Grant Plaintiffs such other and further relief as this Court deems just and

proper.

Dated: New York, New York
November 9, 2015

                              _____/s/_____

                              David E. McCraw, Esq.
                              Legal Department
                              The New York Times Company
                              620 8th Avenue, 18th Floor
                              New York, NY 10018
                              phone: (212) 556-4031
                              fax: (212) 556-1009
                              e-mail: mccrad@nytimes.com
                              *Counsel for Plaintiffs*

4

59490