PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: CHRISTINE S. POSCABLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2674
Email: Christine.Poscablo@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE NEW YORK TIMES COMPANY and      :
ERIC LIPTON,                         :
                                     :
              Plaintiffs,            :
        v.                           :   15 Civ. 8807 (DLC)
                                     :
                                     :   **ANSWER**
U.S. DEPARTMENT OF STATE,            :
                                     :
              Defendant.             :
---------------------------------------------------------------x

      Defendant United States Department of State ("Defendant") answers the complaint of plaintiffs New York Times Company and Eric Lipton ("Plaintiffs"), upon information and belief, as follows:

      1.      Paragraph 1 of the complaint consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1, except admits that Plaintiffs purport to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

      2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint.

4. Defendant admits that it is an agency of the federal government, but otherwise denies the allegations in paragraph 4 of the complaint.

5. Paragraph 5 of the complaint consists of Plaintiffs' allegations as to jurisdiction, to which no response is required.

6. Paragraph 6 of the complaint consists of Plaintiffs' allegations as to venue, to which no response is required.

7. Defendant admits that at the time Plaintiffs filed the complaint, Defendant had not yet produced documents in response to Plaintiffs' request and that Plaintiffs purports to bring this action under FOIA, 5 U.S.C. § 552 *et seq.*, but otherwise denies the allegations in paragraph 7 of the complaint.

8. Defendant admits the allegations in paragraph 8 of the complaint, and respectfully refers the Court to the June 5, 2014 FOIA request (the "FOIA Request") for a complete and accurate statement of its contents.

9. Defendant admits the allegations in paragraph 9 of the complaint, and respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

10. Defendant admits the allegations in paragraph 10 of the complaint, and respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

11. Defendant admits that Mr. Lipton wrote to Defendant's FOIA office on July 30, 2015, inquiring about the status of the FOIA Request, but otherwise denies the allegations in paragraph 11 of the complaint.

12. Defendant denies the allegations in paragraph 12 of the complaint and respectfully refers the Court to Defendant's July 30, 2015 response to Mr. Lipton for a complete and accurate statement of its contents.

13. Defendant admits the allegations in paragraph 13 of the complaint.

14. Defendant denies the allegations in paragraph 14 of the complaint and respectfully refers the Court to Defendant's July 30, 2015 response to Mr. Lipton for a complete and accurate statement of its contents.

15. Defendant admits the allegations in paragraph 15 of the complaint.

16. Defendant admits the allegations in paragraph 16 of the complaint except denies that Defendant responded to Mr. Lipton on October 29, 2015 and states that Defendant responded to Mr. Lipton on October 28, 2015.

17. Defendant realleges each and every response made to the paragraphs of the complaint to which paragraph 17 of the complaint refers with the same force and effect as if set forth herein.

18. The allegations in paragraph 18 of the complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant admits that it is an agency subject to FOIA, but otherwise denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19 of the complaint.

20. Defendant denies the allegations in paragraph 20 of the complaint.

21. The remaining paragraphs of the complaint consist of Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

## **DEFENSES**

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the complaint in whole or in part because Plaintiffs failed to exhaust administrative remedies.

### SECOND DEFENSE

The complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiffs' request under FOIA, 5 U.S.C. § 552 *et seq.*, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of Plaintiffs' request.  *See* 5 U.S.C. §552(a)(6)(C).

### FOURTH DEFENSE

Some or all of the requested documents are exempt from disclosure.  *See* 5 U.S.C. § 552(b).

### FIFTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. §552 *et seq.*

### SIXTH DEFENSE

Plaintiffs are not entitled to expedited processing under 5 U.S.C. §552(a)(6)(E).

Dated:   New York, New York
         December 16, 2015

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendant*

                                By:     /s/ Christine S. Poscablo
                                        CHRISTINE S. POSCABLO
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2674
                                        Email: Christine.Poscablo@usdoj.gov

TO:   David E. McCraw, Esq.
      The New York Times Company
      620 8th Avenue, 18th Floor
      New York, New York 10018

      *Attorney for Plaintiffs*